**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AREGNAZ ASLANYAN; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70643 <br><br> Agency Nos.  A095-665-734 <br> A095-665-735 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 15, 2014
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[**]

Aregnaz Aslanyan petitions for review of a final order of the Board of

Immigration Appeals ("BIA") denying her application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raymond J. Dearie, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

removal, and protection under the Convention Against Torture.[1]  The immigration judge ("IJ") found Aslanyan not credible because she did not report being raped at her credible fear interview and, in his view, did not proffer a believable explanation for this omission.  We hold that substantial evidence does not support the IJ's adverse credibility determination and grant the petition.

Although an IJ's credibility findings receive substantial deference, an IJ who determines that an applicant is not credible must "offer a specific, cogent reason for [his] disbelief."  *Aguilera-Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir. 1990) (alteration in original) (internal quotation marks omitted).  If the IJ provides specific reasons for a credibility determination, "this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible."  *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996).  In particular, the reasons given "must be substantial and must bear a legitimate nexus to the finding."  *Aguilera-Cota*, 914 F.2d at 1381.

The IJ questioned Aslanyan's testimony that she was raped because she omitted mention of it at her credible fear interview.   He also found her explanation "that she did not want to mention the rape event *in the presence of* her daughter"

---

[1]     Aslanyan's daughter, Evelina Kachatrian, is a derivative beneficiary of Aslanyan's asylum application and did not independently file her own application.

2

unsatisfactory because the record did not clearly show that the daughter attended the interview and was only five-years-old at the time.  **AR 46 (emphasis added)**. We have "rejected 'the assumption that the timing of a victim's disclosure of sexual assault is a bellwether of truth.'"  *Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) (quoting *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir. 2002)).  Moreover, the IJ rejected Aslanyan's explanation based on a misreading of the record.  At the merits hearing, Aslanyan testified that she did not mention the rape because she did not want her "child to hear *about* it."  **AR 116 (emphasis added)**.  At no time did she suggest that her daughter was present at the credible fear interview.  Additionally, as the government conceded during oral argument, the IJ's speculation about whether her daughter would understand the meaning of sexual assault is an impermissible ground for an adverse credibility finding.  *See Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir. 2000) (concluding that speculation is an insufficient explanation of an adverse credibility finding).

Given the IJ's flawed reasoning, Aslanyan's lack of corroborating evidence does not support an adverse credibility determination.  Under pre-REAL ID Act cases such as this one, "where the basis for an adverse credibility finding falls out, the lack of corroborating evidence cannot backstop the decision."  *Cosa v. Mukasey*, 543 F.3d 1066, 1070–71 (9th Cir. 2008).

Because the IJ's reasons for the adverse credibility finding are not supported by substantial evidence, we accept Aslanyan's testimony as credible. *See Chawla v. Holder*, 599 F.3d 998, 1009 (9th Cir. 2010). We therefore remand to the BIA for further proceedings in light of our determination.

**PETITION GRANTED.**